09-4738-cr
United States v. Gupta

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

Present:
      JOHN M. WALKER, JR.,
      BARRINGTON D. PARKER,
      PETER W. HALL,
             *Circuit Judges*.

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                             No. 09-4738-cr

RAGHUBIR K. GUPTA,

      *Defendant-Appellant*.

FOR APPELLANT:       JEFFREY HOFFMAN (Susan C. Wolfe, *on the brief*), Hoffman & Pollok L.L.P., New York, New York, *for Defendant-Appellant*.

FOR APPELLEE:       LEE RENZIN, Assistant United States Attorney (Jesse M. Furman, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, *for Appellee*.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.[1]

Defendant-Appellant Raghubir K. Gupta appeals from a judgment entered by the district court (Batts, *J.*), sentencing him principally to 51 months' imprisonment on one count of immigration fraud, a violation of 18 U.S.C. § 1546(a). Nearly a year after the jury returned its verdict, but before sentencing, Gupta moved for a new trial under Fed. R. Crim. P. 33 on grounds of newly discovered evidence, alleging that Lap Yan Wong, one of the Government's witnesses, testified falsely at trial about the number of amnesty applications he had adjudicated from Gupta's clients. The district court denied Gupta's motion, finding that there was no new evidence to warrant a new trial. Gupta challenges the district court's denial of his motion for a new trial. He also asserts that the district court applied the incorrect Sentencing Guideline in calculating his Guidelines range. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a lower court's denial of a Rule 33 motion for abuse of discretion, *see United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009), bearing in mind that "even where newly discovered evidence indicates perjury, motions for new trials 'should be granted with great caution and in the most extraordinary circumstances,'" *United States v. Stewart*, 433 F.3d 273, 296 (2d Cir. 2006) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). To prevail on a Rule 33 motion, a defendant must show: (1) the newly discovered evidence could

---

[1] We dispose of Gupta's Sixth Amendment challenge to his conviction in a separate published opinion filed today.

not with due diligence have been discovered before or during trial; (2) the evidence demonstrates that the witness in fact committed perjury; (3) the newly discovered evidence is material; and (4) the newly discovered evidence is not cumulative. *United States v. White*, 972 F.2d 16, 20-21 (2d Cir. 1992); *accord Stewart*, 433 F.3d at 297-300. Ultimately, "the trial court's discretion to decide whether newly discovered evidence warrants a new trial is broad because its vantage point as to the determinative factor—whether newly discovered evidence would have influenced the jury—has been informed by the trial over which it presided." *Stewart*, 433 F.3d at 296.

Like the district court, we have considerable doubts that the evidence Gupta identified was in fact "newly discovered." He argued in support of his Rule 33 motion that while Wong testified at trial that he had adjudicated over 100 of Gupta's client's amnesty applications, review of the 576 applications submitted by the Government into evidence showed that Wong personally adjudicated no more than ten of Gupta's client's applications. Gupta concedes, as he must, that the Government produced the 576 applications prior to trial, but asserts that even if he had diligently reviewed these records, he could not have discovered the evidence with which to impeach Wong because he could not have predicted the content of Wong's testimony. We have routinely rejected this type of argument, however. *See*, *e.g.*, *United States v. Owen*, 500 F.3d 83, 89-90 (2d Cir. 2007) ("One does not 'discover' evidence after trial that one was aware of prior to trial. To hold otherwise stretches the meaning of the word 'discover' beyond its common understanding."). Indeed, under analogous circumstances, we held that the "assertion that [the defendant] had no reason to procure [the allegedly newly discovered] evidence for trial because he had not anticipated certain government tactics and arguments is unconvincing. The evidence in question all pertained to matters that [the defendant] knew would be in issue at trial, even if he

did not know the government's exact position on these matters." *United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005). Moreover, Gupta cannot demonstrate that Wong "in fact committed perjury," *White*, 972 F.2d at 20, as the record confirms that Wong's inaccurate testimony was far more likely the result of faulty memory than purposeful falsity. Gupta maintains that Wong's "inaccuracy" suggests "at least a conscience avoidance of truth." Even assuming that the evidence Gupta identified was "newly discovered" and that Wong in fact committed perjury—assumptions for which there is little if any basis—Gupta cannot show that Wong's testimony was material to the jury's verdict. The evidence against Gupta was overwhelming; indeed, the crux of the Government's case was not Wong's testimony or the 576 amnesty applications, but rather the tape-recorded conversations by the confidential informants and the testimony of Gupta's former clients. We find, therefore, that the district court acted well within its discretion in denying Gupta's Rule 33 motion.

As to Gupta's Guidelines challenge, we review *de novo* whether the sentencing court applied the correct Guideline. *See United States v. Guang*, 511 F.3d 110, 122 (2d Cir. 2007). Gupta maintains that because he was convicted of violating 18 U.S.C. § 1546(a), the district court should have applied U.S.S.G. § 2L2.2 to determine his base offense level, not U.S.S.G. § 2L2.1. We disagree. Appendix A of the Sentencing Guidelines provides that either § 2L2.1 *or* § 2L2.2 may be applied to a violation of 18 U.S.C. § 1546(a), and we have held that where a statute corresponds to two possible Guidelines, the sentencing court should "apply the guideline that is most appropriate for the defendant's offense conduct." *United States v. Malki*, 609 F.3d 503, 508 (2d Cir. 2010) (internal quotations and citations omitted). We have previously upheld a sentencing court's application of § 2L2.1 in circumstances analogous to Gupta's, and we see no

reason to reach a different conclusion here.  *See*, *e.g.*, *United States v. Walker*, 191 F.3d 326, 339

(2d Cir. 1999); *United States v. Abrar*, 58 F.3d 43, 44-45 (2d Cir. 1995).

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK